UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL TREGLIA, | CV F   07-00693 AWI SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| WALKER, Warden | [Doc. 13] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND[1]

Petitioner is currently in state prison following a plea of guilty to possession of a weapon while confined in a state prison and admitted allegations that he had previously been convicted of a serious or violent felony within the meaning of the three strikes law.  Petitioner was sentenced to a determinate state prison term of 6 years.  (Lodge Docs. 1-2.)

On March 30, 2004, the California Court of Appeal, Fifth Appellate District, affirmed the judgment.  (Lodged Doc. 2.)  Petitioner did not seek review in the California Supreme Court.

Petitioner subsequently filed five pro se state post-conviction collateral challenges.  The first petition was filed on April 7, 2006, in the Tuolumne County Superior Court.  (Lodged Doc.

---

[1] This information is derived from the petition for writ of habeas corpus and Respondent's motion to dismiss.  (Court Docs. 1, 13.)

1

1  3.) It was denied on May 1, 2006. (Lodged Doc. 4.)

2  The second petition for writ of habeas corpus was filed on May 19, 2006, in the
3  Tuolumne County Superior Court, and denied on May 23, 2006. (Lodged Docs. 5, 6.)

4  The third petition for writ of habeas corpus was filed on June 23, 2006, in the Fifth
5  District Court of Appeal, and denied on June 29, 2006. (Lodged Docs. 7, 8.)

6  The fourth petition for writ of habeas corpus was filed on July 25, 2006, in the California
7  Supreme Court, and denied on February 7, 2007. (Lodged Docs. 9, 10.)

8  The fifth and final petition for writ of habeas corpus was filed on July 3, 2007, in the
9  California Supreme Court, and is currently pending. (Lodged Doc. 11.)

10  Petitioner filed the instant federal petition for writ of habeas on May 7, 2007. (Court
11  Doc. 1.)

12  On August 13, 2007, Respondent filed the instant motion to dismiss the petition as time-
13  barred. 28 U.S.C. § 2244(d). Petitioner did not file an opposition.

14  <u>DISCUSSION</u>

15  A.   <u>Procedural Grounds for Motion to Dismiss</u>

16  Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a
17  petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not
18  entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

19  The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer
20  if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of
21  the state's procedural rules. See e.g., <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990)
22  (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); <u>White
23  v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
24  motion to dismiss for state procedural default); <u>Hillery v. Pulley</u>, 533 F.Supp. 1189, 1194 & n.12
25  (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a
26  response, and the Court should use Rule 4 standards to review the motion. See <u>Hillery</u>, 533 F.
27  Supp. at 1194 & n. 12.

28  In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C.

2

2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

B.   Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997). The instant petition was filed on October 14, 2004, and thus, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, Section 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Here, the California Court of Appeal affirmed the judgment on March 30, 2004. (Lodged Doc. 2.) Petitioner did not file a petition for review. According to the Rules of Court, a decision becomes final thirty (30) days after filing, and an appeal must be taken to the

1  California Supreme Court within ten (10) days of finality.  Cal.R.Ct. 8.500(e)(1); Smith v.
2  Duncan, 297 F.3d 809 (9th Cir. 2002).  Therefore, direct review ended upon expiration of the 40-
3  day period following issuance of the opinion, May 9, 2004.  The one-year limitations period
4  commenced running the following day–May 10, 2004.  Patterson v. Stewart, 251 F.3d 1243,
5  1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).  Thus, the last day to file a federal petition was
6  on May 9, 2005, plus any time for tolling.  28 U.S.C. § 2244(d)(1).

7  C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

8  Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed
9  application for State post-conviction or other collateral review with respect to the pertinent
10 judgment or claim is pending shall not be counted toward" the one year limitation period.  28
11 U.S.C. § 2244(d)(2).  In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is
12 tolled from the time the first state habeas petition is filed until the California Supreme Court
13 rejects the petitioner's final collateral challenge."[2]  Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir.
14 1999), cert. denied, 120 S.Ct. 1846 (2000); see also Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999);
15 Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the
16 limitations period during the time a petitioner is preparing his petition to file at the next appellate
17 level reinforces the need to present all claims to the state courts first and will prevent the
18 premature filing of federal petitions out of concern that the limitation period will end before all
19 claims can be presented to the state supreme court.  Id. at 1005.  The limitations period, however,
20 will not toll for the time a petition for writ of habeas corpus is pending in federal court.  Duncan
21 v. Walker, 533 U.S. 167 (2001).

22  Here, Petitioner did not file his first collateral petition until April 7, 2006, well after the
23 statute of limitations expired on May 9, 2005.  Because the limitations period had already
24 expired, the collateral challenge had no tolling consequence.  Jiminez v. Rice, 276 F.3d 478, 482

---

[2] In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999).  Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal.  Id.  If the Court of Appeal denies relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See id.

(9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002).  Consequently, the first through fifth state petitions do not toll the limitations period. (Lodged Docs. 3-11.)

D.  Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. at 418; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner did not file an opposition and has not presented any grounds for equitable tolling. Thus, the instant petition for writ of habeas corpus is barred by the statute of limitations and must be dismissed, with prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss the instant petition as time-barred be GRANTED; and
2. The instant petition be DISMISSED, with PREJUDICE.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **twenty (20)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the

1 objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
2 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time
3 may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
4 Cir. 1991).
5 IT IS SO ORDERED.
6 **Dated:     November 19, 2007**               /s/ Sandra M. Snyder
                                                                            UNITED STATES MAGISTRATE JUDGE